# EXHIBIT B

Harris County - County Civil Court at Law No. 1

4/15/2024 5:14 PM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE NO. 1226273

| | | |
|---|---|---|
| Martha Lucia Machado | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. |
| | § | |
| | § | |
| City Of Houston, Houston Airport System, George | § | HARRIS COUNTY, TEXAS |
| Bush International Airport, John Doe, United | § | |
| Airlines, Inc. and Unifi Aviation, LLC, | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL PETITION. DEMAND FOR JURY TRIAL, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Martha Lucia Machado, hereinafter "Plaintiff", complaining of and about City of Houston, Houston Airport System, George Bush International Airport, John Doe, United Airlines, Inc. and Unifi Aviation, LLC, collectively hereinafter "Defendants," and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, Plaintiff's causes of action herein involve $250,000.00 or less and, therefore, discovery is to be conducted under Discovery Level 1.

### PARTIES AND SERVICE

2.     Plaintiff MARTHA LUCIA MACHADO is an individual and non-resident of the State of Texas whose address for service is 811 S. Central Expressway, Suite 600, Richardson, Texas 75080. The last three digits of Plaintiff's VISA number are 379 and the last three digits of Plaintiff's Colombian Passport number are 289

3.     Defendant CITY OF HOUSTON., is a governmental entity, and may be served with citation by and though the City of Houston Secretary, Ms. Pat J Daniel at 900 Bagby St, Rm. P101 Houston, TX 77002, or wherever she may be found under the authority of Texas Civil Practice & Remedies code section 17.024 (b)

4.      Defendant HOUSTON AIRPORT SYSTEM., is a governmental department and may be served with citation by and though the City of Houston Secretary, Ms. Pat J Daniel at 900 Bagby St, Rm. P101 Houston, TX 77002, or wherever she may be found under the authority of Texas Civil Practice & Remedies code section 17.024 (b)

5.      Defendant GEORGE BUSH INTERNATIONAL AIRPORT, is a governmental department of aviation for the City of Houston, and may be served with citation by and though the City of Houston Secretary, Ms. Pat J Daniel at 900 Bagby St, Rm. P101 Houston, TX 77002, or wherever she may be found under the authority of Texas Civil Practice & Remedies code section 17.024 (b)

6.      Defendant, JOHN DOE, is a governmental department and may be served with citation 123 Anywhere Street, Anywhere, Texas12345 and/or wherever he may be found. Service of said Defendant may be had by personal delivery.

7.      Defendant UNITED AIRLINES, INC., is a foreign for-profit corporation registered to engage in business in the State of Texas, whose corporate headquarters are located at 233 South Wacker Dr., Chicago, IL 60606 and may be served with process by serving its registered, CT Corporation System, at the following address, 1999 Bryan St. Ste. 900, Dallas, Texas 75201.

8.      Defendant UNIFI AVIATION, LLC, is a Texas Limited Liability Company and may be served with process by serving its registered, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, at the following address, 211 E. 7th Street, Suite 620 Austin, TX 78701.

## JURISDICTION AND VENUE

9.      The subject matter in controversy is within the jurisdictional limits of this court. Venue in DALLAS County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief less than $250,000.00.

## FACTS

10.     On or about August 6, 2022, the Plaintiff was flying from Bogotá to Houston with United Airlines. Due to health issues, she requested a wheelchair, which was provided at El Dorado Airport in Bogotá. It was arranged for another wheelchair to be available in Houston upon her arrival in the States. However, upon landing, no wheelchair was provided at the airport. As a

consequence, the Plaintiff was forced to walk, during which she fell and broke three ribs. The fall was a direct result of the Defendants' acts and/or omissions, including but not limited to their failure to provide a wheelchair as requested and their failure to offer assistance

11.     The Plaintiff's bodily injuries, specifically broken ribs, were a direct result of a fall that was proximately caused by the Defendants' failure to provide the requested wheelchair at the airport, a duty which the Defendants knew or should have known existed through ordinary care.

12.     At all relevant times, the Defendants owned and/or leased the premises at the airport where the incident occurred.

13.     Throughout the relevant period, the Defendants maintained such control over the airport premises that they owed certain duties to the Plaintiff, the breach of which proximately caused the injuries detailed herein.

14.     The Defendants, along with their agents, servants, and employees, negligently allowed the Plaintiff to be unassisted in navigating the airport premises, leading directly to her fall and subsequent injuries. This negligence occurred despite the Defendants' knowledge or constructive knowledge of the necessity for wheelchair assistance, which they failed to provide.

15.     The Plaintiff asserts that had the Defendants or their agents exercised ordinary care in fulfilling their commitments to assist passengers with mobility issues, the accident which resulted in the Plaintiff's injuries could have been foreseen and prevented.

16.     At all relevant times, the Defendants and their agents, acting within the scope of their employment, exhibited negligence toward the Plaintiff by failing to: (a) inspect and maintain adequate arrangements for mobility-impaired passengers; (b) ensure the airport environment was safe for all passengers, including those requesting specific assistance; (c) provide clear and adequate warnings about the lack of immediate availability of wheelchair assistance; and (d) effectively communicate the potential risk associated with this lack of assistance.

17.     Each of the foregoing acts and omissions by the Defendants, considered separately or collectively, directly and proximately caused the injuries and damages suffered by the Plaintiff.

18.     The Plaintiff's injuries were proximately caused by the Defendants' negligent, careless, and reckless disregard of their duty to provide the requested wheelchair and necessary assistance at the airport.

## DAMAGES FOR PLAINTIFF

19.     Defendants' acts and/or omissions, as described herein above, were the direct and/or proximate cause of Plaintiff's bodily injuries and damages. Specifically, Plaintiff sustained the following damages:

> A.  Reasonable medical care and expenses in the past, which were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in HARRIS County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Mental anguish in the past; and

F. Mental anguish in the future.

G. Lost wages; and

H. Loss of earning capacity

## JURY DEMAND

20.    Plaintiff hereby demands trial by jury.

## RULE 193.7 NOTICE TO DEFENDANTS

21.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use against Defendants in any legal pretrial proceeding or at trial all documents produced to Plaintiff in response to written discovery. This notice is given to Defendants within ten (10) days after Defendants have actual notice that all documents produced by Defendants to Plaintiff in this lawsuit will be offered at trial, thereby satisfying the requirement of authentication or identification as a condition precedent to admissibility pursuant to the Rule 901(a) of the Texas Rules of Evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post- judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

AMS LAW GROUP PLLC

By: /s/ Hazim Mandavia
    Hazim Mandavia
    Texas Bar No. 24096984
    Email: hazim@amslawgrp.com
    811 S. Central Expwy, Suite 600
    Richardson, Texas 75080
    Tel. (888) 960-8363
    Fax. (888) 960-8361
    Attorneys for Plaintiff.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Manuela Cardona on behalf of Hazim Mandavia
Bar No. 24096984
mcardona@amslawgrp.com
Envelope ID: 86683543
Filing Code Description: Petition
Filing Description:
Status as of 4/16/2024 10:35 AM CST

Associated Case Party: MarthaLuciaMachado

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hashem Saad | | Hashem@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |
| Yorkman Rincon | | yorkman@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |
| Hazim Mandavia | | hazim@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |
| angie jaimes | | angie@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |
| Luisa Gomez | | LUISA@AMSLAWGRP.COM | 4/15/2024 5:38:35 PM | SENT |
| andrea duque | | andrea@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |
| Manuela Cardona | | mcardona@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |
| Sam Almasri | | sam@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |
| Lauren Shipp | | lauren@amslawgrp.com | 4/15/2024 5:38:35 PM | SENT |

**LEGAL DOCUMENT MANAGEMENT**
**5151 BELT LINE RD. SUITE 826**
**DALLAS, TEXAS 75254**



9589 0710 5270 1526 6766 91

US POSTAGE
$ 009.68
First-Class - M
ZIP 75240
06/10/2024
034B 0061833542

CORPORATION SERVICE COMPANY
**211 E. 7th STREET., #620**
**AUSTIN, TEXAS 78701**